IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MAHMOUD SHABAN,<br><br>           Plaintiff,<br><br>vs.<br><br>MARCO RUBIO, in his official capacity as Secretary of State; JOHNATHAN WEBSTER, in official capacity as Consul General U.S Embassy, Cairo, Egypt; and JOHN DOES #1-#10, in their official capacity as Consular Officers responsible for issuing visas at the US Embassy Cairo, Egypt,<br><br>           Defendants. | 4:25CV3049<br><br>ORDER ON MOTION TO REOPEN CASE |

    Plaintiff Mahmoud Shaban brought this action against the Secretary of State and various consular officials at the United States Embassy in Cairo, Egypt, seeking mandamus, declaratory, and injunctive relief to compel Defendants to adjudicate his non-immigrant visa application without further delay. Filing 1 at 1. Plaintiff subsequently filed a Notice of Voluntary Dismissal on the ground that Defendants had notified him that they had completed final processing of his visa application, and a consular officer had issued the visa on or about May 14, 2025. Filing 6. This case is now before the Court on Shaban's Motion to Reopen Case Pursuant to Federal Rule of Civil Procedure 60(b). Filing 7. Counsel for Defendants have never appeared in this case nor did Defendants file any response to Shaban's Motion to Reopen Case. For the reasons stated below, Shaban's Motion is granted, and this case is reopened.

    In support of his Motion, Shaban asserts that on April 8, 2025, the United States Embassy in Cairo, Egypt, informed him via email that his administrative processing was complete and asked him to submit his passport to continue processing his visa. Filing 7 at 1 (¶ 2). Consequently,

1

Shaban traveled from Nebraska, where he resides with his daughter and pregnant wife, to Egypt for visa issuance. Filing 7 at 1 (¶ 3). On May 14, 2025, the Department of State updated the Consular Electronic Application Center (CEAC) status for Shaban's visa application to "Issued," and CEAC still reflects that status. Filing 7 at 1 (¶ 4). On May 19, 2025, Shaban voluntarily dismissed this action without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i). Filing 7 at 2 (¶ 5).

However, over a month later, Shaban had still not received his visa or passport, and the United States Embassy in Cairo had responded to his inquiries by stating that the application was still in "administrative processing." Filing 7 at 2 (¶ 6). On June 9, 2025, Shaban's counsel "contacted" unidentified counsel for Defendants to ask for an update on the status of Shaban's application and indicated Shaban's intention to file a motion to reopen the case. Filing 7 at 2 (¶ 9). Shaban alleges that Defendants' counsel responded the same day stating that she would check with the agency. Filing 7 at 2 (¶ 9). On June 18, 2025, Shaban's counsel again contacted unidentified counsel for Defendants "by email" requesting an update but received no response. Filing 7 at 2 (¶ 10).

Shaban now moves to reopen this case pursuant to Federal Rule of Civil Procedure 60(b)(1), (3), and (6), "due to mistake, misrepresentation, or other equitable grounds," based on the mistaken belief arising from the CEAC website that the matter had been resolved. Filing 7 at 2 (¶ 8). Shaban argues, "Reopening this case is necessary to protect Plaintiff's rights and to ensure judicial oversight of a visa that was purported to be issued but inexplicably remains in the possession of the Defendants after more than a month since issuance." Filing 7 at 2 (¶ 11). Under the circumstances, Shaban asks that the Court reopen the case and reinstate his Complaint. Filing 7 at 3.

2

Shaban seeks to reopen his case pursuant to Federal Rule of Civil Procedure 60(b), which expressly states that "the court may relieve a party or its legal representative from a final judgment, order, or proceeding" for listed reasons. Fed. R. Civ. P. 60(b). Although there was no order dismissing Shaban's case, the Supreme Court recently held that a voluntary dismissal without prejudice under Rule 41(a)—like the prior dismissal in this case—"counts as a 'final judgment, order, or proceeding,' and thus qualifies for Rule 60(b) relief." *Waetzig v. Halliburton Energy Servs., Inc.*, 145 S. Ct. 690, 693 (2025).

As pertinent to Shaban's Motion, Rule 60(b) provides,

> (b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> * * *
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; [or]
>
> * * *
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b)(1), (3), and (6). Although Rule 60(b) specifies various grounds for setting aside a final judgment or order, the Eighth Circuit has explained that relief pursuant to Rule 60(b) is "extraordinary" and "may be granted only upon an adequate showing of exceptional circumstances." *Williams v. York*, 891 F.3d 701, 706 (8th Cir. 2018) (quoting *Jones v. Swanson*, 512 F.3d 1045, 1048 (8th Cir. 2008)); *accord Wagstaff & Cartmell, LLP v. Lewis*, 40 F.4th 830, 842 (8th Cir. 2022) ("[Federal] Rule [of Civil Procedure] 60(b) provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances." (quoting *In re Levaquin Prod. Liab. Litig.*, 739 F.3d 401, 404 (8th Cir. 2014))).

The Court concludes that "exceptional circumstances" exist and that reopening this case is appropriate. *Wagstaff & Cartmell, LLP*, 40 F.4th at 842; *Williams*, 891 F.3d at 706. The Court finds that—at the very least—the exceptional circumstances here include mistake or surprise within the meaning of Rule 60(b)(1) and other equitable reasons within the meaning of Rule 60(b)(6). As to the meaning of "mistake," the Supreme Court has explained,

> When the Rule was adopted in 1938 and revised in 1946, the word "mistake" applied to any "misconception," "misunderstanding," or "fault in opinion or judgment." Webster's New International Dictionary 1383 (1914) (Webster's); see also Funk & Wagnalls New Standard Dictionary of the English Language 1588 (1944) (Funk & Wagnalls) (defining "mistake" as an "error in action, judgment, or perceptions," including, e.g., "a mistake in calculation"). In ordinary usage, then, a "mistake" was not limited only to factual "misconception[s]" or "misunderstanding[s]," or to mistakes by non-judicial actors. Webster's 1383. Likewise, in its legal usage, "mistake" included errors "of law or fact." Black's Law Dictionary 1195 (3d ed. 1933) (Black's).

*Kemp v. United States*, 596 U.S. 528, 534 (2022). The Supreme Court concluded that there was no indication of an intent to give "mistake" a narrower meaning in Rule 60(b). *Id.* at 534–35. Shaban's voluntary dismissal was based on a "mistake" within the meaning of Rule 60(b)(1) because it was based on an error of fact or law as to whether a visa had been issued. *Id.* at 534.

The Court has little doubt that the circumstances presented here also involve "surprise" within the meaning of Rule 60(b)(1). Based on the information available to Shaban when he voluntarily dismissed his Complaint, Shaban would have had no warning that his visa had not been issued or was still in administrative proceedings. *See* Black's Law Dictionary 1745 (11th ed. 2019) (defining "surprise" as "[a]n occurrence for which there is no adequate warning or that affects someone in an unexpected way"). Thus, Shaban is entitled to relief from his voluntary dismissal pursuant to Rule 60(b)(1).

As to Rule 60(b)(6), the Eighth Circuit has explained,

> A Rule 60(b)(6) motion, made within a "reasonable time," can provide relief from a judgment, including a default judgment, for "any other reason justifying relief

4

from the operation of the judgment," Fed.R.Civ.P. 60(b)(6), thus allowing a district court to inject equity and revive an otherwise lifeless claim. *Cf, Klapprott v. United States*, 335 U.S. 601, 614–15, 69 S.Ct. 384, 93 L.Ed. 1099 (1949) (finding that Rule 60(b)(6) enables a court to "accomplish justice"); *Hoover v. Valley West DM*, 823 F.2d 227, 230 (8th Cir. 1987) (weighing the "equities involved" on a Rule 60(b) motion).

*Watkins v. Lundell*, 169 F.3d 540, 544 (8th Cir. 1999). Where Shaban voluntarily dismissed this case only because he reasonably believed based on information provided by Defendants that his visa had been issued, the Court has no trouble concluding that equity allows the Court to revive his otherwise lifeless claim pursuant to Rule 60(b)(6). *Id.*

Because the Court finds sufficient grounds to reopen the case pursuant to Rule 60(b)(1) and (b)(6), the Court need not consider Rule 60(b)(3).

Accordingly,

IT IS ORDERED that

1. Plaintiff Shaban's Motion to Reopen Case Pursuant to Federal Rule of Civil Procedure 60(b), Filing 7, is granted;

2. The Clerk of Court shall reopen this case; and

3. Plaintiff Shaban's Complaint, Filing 1, is reinstated.

Dated this 31st day of July, 2025.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge